IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

FERNANDO "PAUL" HERNANDEZ, )
)
      Plaintiff, )
)
v. ) Case No. CIV-14-892-D
)
LIBERTY INSURANCE CORPORATION, )
*et al.*, )
)
      Defendants. )

**<u>O R D E R</u>**

Before the Court is Plaintiff's Motion to Remand [Doc. No. 11], which raises both procedural and jurisdictional challenges to the removal of this action from state court. Plaintiff challenges whether the Notice of Removal was timely filed by Defendant Liberty Insurance Corporation ("Liberty"), whether Liberty waived its right of removal, and whether its allegations and evidence of fraudulent joinder of the nondiverse defendants are sufficient. Liberty has timely opposed the Motion, which is fully briefed and at issue.

**Factual and Procedural Background**

This case concerns an insured loss resulting from the May 20, 2013 tornado in Moore, Oklahoma. There is no question Plaintiff's loss was covered by a homeowner's insurance policy issued by Liberty. Among other things, Plaintiff claims that Liberty failed to pay the full amount due under the policy and breached its duty of good faith and fair dealing. Plaintiff sued Liberty in state district court on August 21, 2013, and included claims against a local cleaning and restoration company that provided services to Plaintiff after the storm,

Defendant J&J Floor Care, Inc. d/b/a Rainbow International of Moore/Norman ("Rainbow"), and a local insurance agent who sold Plaintiff the subject policy, Defendant Michael R. Sohn ("Sohn"). Plaintiff claims that Rainbow fraudulently induced him to enter into a contract for restoration services and that Rainbow breached the contract by failing to exercise reasonable care and skill in providing the services. Plaintiff claims that Sohn negligently failed to procure a replacement cost policy that would provide the insurance coverage promised to Plaintiff, failed to inform Plaintiff of limitations of the policy, and failed to maintain an appropriate level of coverage.

As shown by attachments to the Notice of Removal, the case was litigated in state court for almost a year before it was removed on August 19, 2014, pursuant to 28 U.S.C. §§ 1441 and 1446. Liberty invokes subject matter jurisdiction under 28 U.S.C. § 1332 based on allegations that Plaintiff fraudulently joined Rainbow and Sohn in an attempt to defeat diversity of citizenship because Plaintiff is unable to establish a cause of action against them. Specifically, Liberty asserts that the state court petition fails to state a viable claim against Sohn under Oklahoma law and no facts have been identified in discovery that would support a claim. Liberty asserts that Plaintiff has no claim against Rainbow because he did not suffer any loss or incur any damages as a result of the services provided by Rainbow, and no false or misleading statement was made to Plaintiff by Rainbow. Liberty's assertions are supported by an affidavit of Rainbow's president and owner, Joseph Chambers, dated August 14, 2014, and Plaintiff's discovery responses served on April 3, 2014. Liberty contends its Notice of Removal was timely filed within 30 days after it received

Mr. Chamber's affidavit. According to Liberty, this affidavit was "the paper from which it could first be ascertained by Liberty that the case has become removable" and removal is authorized by 28 U.S.C. § 1446(b)(3). *See* Notice of Removal [Doc. No. 1] at 21.

As stated above, Plaintiff's Motion challenges both Liberty's allegations of fraudulent joinder and the timeliness of its removal. Plaintiff contends nothing has occurred during the litigation that caused the case to become removable, and removability was not first shown by Mr. Chambers' affidavit. Regarding timeliness, Plaintiff argues that either the case was removable based on the petition and facts known to Liberty or it was removable when Liberty received Plaintiff's discovery responses in April, 2014. In response, Liberty contends the first paper that provided "clear and unequivocal notice" of removability was Mr. Chambers' affidavit. *See* Def.'s Resp. Br. [Doc. No. 12] at 21 (quoting *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998)).

**Standard of Decision**

Subject matter jurisdiction over this case turns on the doctrine of fraudulent joinder. "To establish fraudulent joinder, the removing party must demonstrate either: 1) actual fraud in the pleading of jurisdictional facts, or 2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (internal quotation omitted). Liberty relies on the second basis, discussed *infra*. The timeliness of removal depends on compliance with the statutory procedure set forth in § 1446(b)(3), which provides:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). Liberty bears the burden to establish that its removal of Plaintiff's case to federal court was proper. *See Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999).

Because federal courts are generally obliged to address jurisdiction as a threshold matter (*see Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998)), the Court first addresses the question of fraudulent joinder and then turns to procedural issues of timeliness and waiver.

## Discussion

### A.     Fraudulent Joinder

"The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher*, 733 F.3d at 988 (internal quotation omitted). Under the circumstances of this case, Liberty must show there is no possibility that Plaintiff would be able to establish a cause of action against the resident defendants, Sohn and Rainbow. *See Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, *1-2 (10th Cir. April 14, 2000) (unpublished). The non-liability of the defendants alleged to be fraudulently joined must be established with "complete certainty." *See Smoot v. Chicago, Rock Island & Pac. R.R. Co.* 378 F.2d 879, 882 (10th Cir. 1967); *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964). "But upon specific

4

allegations of fraudulent joinder the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Smoot*, 378 F.2d at 882 (citations omitted).

  **1. Plaintiff's Claim Against the Insurance Agent**

Plaintiff claims that Sohn was negligent in assisting him to procure the homeowner's insurance policy that covered the tornado loss. Plaintiff alleges in his pleading that Sohn advised him to purchase more expensive replacement cost coverage, Plaintiff followed this advice, but the policy "did not serve to actually repair/replace his home and personal property" and "did not accurately reflect the replacement costs of Plaintiff's dwelling." *See* Petition [Doc. No. 1-2] ¶ 63. Plaintiff also alleges that Sohn "fail[ed] to inform Plaintiff of the limitations of the policy" and "fail[ed] to monitor and review the policy . . . to ensure it provided appropriate and adequate coverage." *Id*. ¶¶ 64-65. Plaintiff allegedly relied on Sohn "to procure and maintain appropriate and adequate coverage" and Sohn's failure to do so "unnecessarily expose[d] [Plaintiff] to significant harm, losses, and damages." *Id*. ¶ 67.

Upon consideration, the Court finds merit in Liberty's position that Plaintiff has no possibility of recovering damages from Sohn. Plaintiff has presented no legal authority that would support a negligence claim against Sohn under Oklahoma law consistent with the allegations of his pleading. The authority cited by Plaintiff, *Swickey v. Silvey Cos.*, 979 P.2d 266 (Okla. Civ. App. 1999), does not support his position.

The Oklahoma Court of Civil Appeals announced a general rule in *Swickey* that "[a]n agent has the duty to act in good faith and use reasonable care, skill and diligence in the

5

procurement of insurance and an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." This rule has been refined in subsequent decisions, such as *Rotan v. Farmers Ins. Group of Cos.*, 83 P.3d 894, 895 (Okla. Civ. App. 2003), and *Cosper v. Farmers Ins. Co.*, 309 P.3d 147, 149 (Okla. Civ. App. 2013)). In *Rotan*, 83 P.3d at 895, the court stated that an agent has a duty to "offer coverage mandated by law and coverage for needs that are disclosed by the insureds." The insureds' negligence claim failed in *Rotan* because they did not disclose information to the agent that would have permitted him to determine their need for the type of coverage at issue. Similarly, in *Cosper*, the court declined to extend *Swickey* and impose a duty to provide an "adequate amount" of coverage; the insureds' negligence claim failed in *Cosper* because they did not claim to have requested a specific amount and "nothing in the record show[ed the agent] played any part in setting a coverage limit." *See Cosper*, 309 P.3d at 149. The court has expressly held that an insurance agent has no duty "'to advise an insured with respect to his insurance needs.'" *See id.* (quoting *Rotan*, 83 P.3d at 895); *see also Mueggenborg v. Ellis*, 55 P.3d 452, 453 (Okla. Civ. App. 2002).

In this case, Plaintiff's answers to Liberty's discovery requests establish that he has no evidence to support a negligence claim against Sohn. Plaintiff first purchased the replacement cost homeowner's policy in 2010. When asked by interrogatory to state the accurate valuation of the home in 2010 and the time of annual renewals, Plaintiff answered that he does not know. Consequently, Plaintiff could not possibly have requested a specific amount of insurance coverage from Sohn. Similarly, Plaintiff was asked to identify anything

6

about the homeowner's policy that was inadequate or inappropriate. Plaintiff again stated that he does not know. In contrast, Sohn's answers to interrogatories posed by Plaintiff show that Sohn did not determine the amount of coverage and did not calculate the replacement cost value of Plaintiff's dwelling or personal property at any time. Further, Plaintiff's Motion presents no facts that would support a finding of negligence by Sohn under the cited legal authorities. Plaintiff provides an expert's report expressing opinions about Sohn's performance that are not based on any information provided by Plaintiff regarding his communications or dealings with Sohn, but on the fact that the agent file produced by Sohn contains no documents showing he performed certain tasks.

Based on this record, the Court finds that Liberty has clearly shown that Plaintiff cannot establish any negligence by Sohn. Under the facts developed during discovery, the negligence claim against Sohn comes down to an alleged failure to properly advise Plaintiff and to procure a policy that provided an adequate amount of coverage to replace Plaintiff's home and personal property. Even if proved, this conduct would provide no basis to impose liability against Sohn under Oklahoma law. Accordingly, the Court finds that Plaintiff cannot establish any claim against Sohn consistent with his pleading and the insufficiency of Plaintiff's negligence claim against Sohn is obvious.

   2.   **Plaintiff's Claims Against the Restoration Company**

      a.   **Breach of the Contract for Restoration Services**

Plaintiff claims he entered into a contract with Rainbow to provide cleaning and restoration services related to personal property damaged by the tornado and that Rainbow

7

"breached its contractual obligations with Plaintiff by failing to exercise good faith, reasonable care, skill and expertise in the restoration services which it provided to Plaintiff." *See* Petition [Doc. No. 102], ¶ 44. Liberty asserts, based on documents produced in discovery and the affidavit of Mr. Chambers, that Plaintiff has no proof of unsatisfactory restoration services or resulting damages. Mr. Chambers states that Plaintiff picked up his personal property from Rainbow only after the lawsuit was filed, and has not notified Rainbow of a problem with any item. Mr. Chambers also states that Plaintiff paid Rainbow nothing for its services; Rainbow was compensated directly by Liberty.

With the Motion, Plaintiff attempts to provide factual support for his breach of contract claim against Rainbow by presenting copies of email messages exchanged between his attorney and Rainbow's counsel.[1] These exchanges suggest that, after the lawsuit was filed, counsel discussed the status of some of Plaintiff's personal property that had been stored but not cleaned by Rainbow. Even if the contents of the emails are accepted as competent evidence, they say nothing about the breach of contract claim asserted in the petition, which concerns only Rainbow's lack of reasonable care and skill in performing restoration services. Further, because the emails were exchanged in February, 2014, they provide further support for Liberty's position that Plaintiff could not possibly have had any factual basis for his breach of contract claim against Rainbow when he filed suit in August, 2013, because he had not even seen the personal property entrusted to Rainbow on that date and was unaware of its condition.

---

[1] According to Liberty, these messages were not previously disclosed to it or its counsel.

As to damages, the affidavit of Mr. Chambers stating that Plaintiff paid Rainbow nothing for its services stands undisputed. Plaintiff argues only that he paid for Rainbow's restoration services "by assigning to Rainbow policy benefits that he otherwise was entitled to." *See* Motion, p.23. This argument is inconsistent with the terms of the insurance policy. The benefit to which Plaintiff was entitled for a loss of personal property was payment for the "actual cash value at the time of the loss but not more than the amount required to repair or replace." *See* Notice of Removal, Ex. 48 [Doc. No. 1-48], p.2 (ECF numbering). Accordingly, as to any item of personal property subject to restoration, Plaintiff was not entitled to receive anything more than the cost of repairing it.[2]

For these reasons, the Court finds from the record presented that Liberty has clearly shown that Plaintiff cannot establish a breach of contract claim against Rainbow consistent with his pleading.

### b. Fraud and Deceit

Plaintiff claims he was induced to enter into the contract with Rainbow and to retain its services based on false representations that doing so was "necessary to the claims process" and that Rainbow "would conduct a fair, reasonable, and objective inspection of his personal property." *See* Petition [Doc. No. 1-2], ¶ 47. Plaintiff alleges that, in actuality, the purpose of Rainbow's involvement was to save Liberty money by ensuring that "Plaintiff's items were 'cleaned' instead of 'replaced' despite Plaintiff having purchased the more expensive

---

[2] Plaintiff also argues that any uncleaned items would now be beyond repair and must be replaced. This argument lacks any factual support in the record and, again, is inconsistent with the claim of unsatisfactory restoration services actually asserted in Plaintiff's petition.

9

Replacement Cost policy" and Rainbow intended to perform an outcome-oriented assessment "designed to reduce the amount which [Liberty] paid out to Plaintiff for his claims." *Id.* ¶ 49.

Based on Mr. Chambers' affidavit, Liberty asserts that no representative of Rainbow made any untrue statement to Plaintiff or concealed anything from him concerning the services Rainbow provided at Liberty's request. Liberty also points out that, when asked during discovery to identify persons who made an untrue representation and what was said, Plaintiff's answers were silent about Rainbow. Plaintiff's Motion similarly fails to address his fraud claim against Rainbow.

Therefore, the Court finds that Liberty has clearly demonstrated that Plaintiff's fraud claim against Rainbow lacks any factual support and is baseless.

### 3. Conclusion Regarding Jurisdiction

For these reasons, the Court finds that Liberty's allegation of fraudulent joinder has merit and the nondiverse defendants, Sohn and Rainbow, should be disregarded. Thus, there is complete diversity of citizenship between the parties and subject matter jurisdiction exists. Plaintiff's action against Sohn and Rainbow will be dismissed without prejudice.[3]

## B. Timeliness of Removal

In relying on § 1446(b)(3) to establish the Notice of Removal was timely filed, Liberty concedes that the case stated by Plaintiff's pleading was not removable. Instead, Liberty

---

[3] If a defendant is fraudulently joined and is disregarded as a party, the Court has no jurisdiction to resolve the merits of claims against him, and he must be dismissed without prejudice. *See Albert v. Smith's Food & Drug Centers, Inc.*, 356 F.3d 1242, 1249 (10th Cir. 2004); *see also Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1217-18 (10th Cir. 2006) (if district court lacks jurisdiction, it is incapable of reaching a disposition on the merits, and dismissal must be without prejudice).

contends the case became removable when it first received an "other paper" from which the removability of the case could be ascertained, that is, when it received the affidavit of Mr. Chambers stating facts that show Plaintiff has no viable claim against Rainbow. The difficulty with this position is that the paper alleged to have triggered Liberty's right to remove was not a paper received from <u>Plaintiff</u> but a paper that Liberty was able to acquire through its own investigation: an affidavit supplied by a co-defendant.

Under the Tenth Circuit's view of § 1446(b)(3), "the circumstances permitting removal must normally come about as a result of a voluntary act on the part of the plaintiff." *Huffman*, 194 F.3d at 1078 (citing *DeBry v. Transamerica Corp.*, 601 F.2d 480, 486-88 (10th Cir.1979)). Other federal courts agree. *See Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 74 (1st Cir. 2014) ("Section 1446(b)(3) does not apply until removability can first be ascertained from the *plaintiffs'* own papers.") (emphasis in original); *see also Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010) ("the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought"); *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213 n.63 (11th Cir. 2007) ("a case becomes removable when three conditions are present: there must be (1) 'an amended pleading, motion, order or other paper,' which (2) the defendant must have received from the plaintiff (or from the court, if the document is an order), and from which (3) the defendant can 'first ascertain' that federal jurisdiction exists.").

Here, the only paper supplied by Plaintiff on which Liberty relies to establish fraudulent joinder is a set of interrogatory answers served in April, 2014. Although Plaintiff

11

identified no one from Rainbow who made an untrue or false statement that would support a fraud claim against Rainbow, Plaintiff did not answer an interrogatory concerning his damages and thus failed to supply all the information that Liberty needed to show Plaintiff also had no breach of contract claim against Rainbow. This paper, standing alone, was insufficient to show that Plaintiff had no claim against Rainbow. Thus, it did not trigger the 30-day removal clock of § 1446(b)(3).

This case is unlike a prior decision of this Court on which Defendant relies, *Hyman v. Travelers Home & Marine Ins. Co.*, Case No. CIV-13-820-D, 2014 WL 111942 (W.D. Okla. Jan. 10, 2014), in which the fraudulent joinder of local restoration companies was shown by the plaintiffs' pleading, the terms of the subject insurance policy, and facts disclosed in the deposition testimony of a plaintiff. The defendant in *Hyman* removed the case within 30 days of the deposition, in compliance with § 1446(b)(3). *See Hyman*, Case No. CIV-13-820-D, Notice of Removal ¶ 5. In this case, Liberty was unable to schedule Plaintiff's deposition and resorted to its own investigation in order to satisfy the one-year deadline for removal imposed by § 1446(c)(1). Only through its independent efforts was Liberty able to show that Plaintiff could not establish his claims against Rainbow but had fraudulently joined this resident defendant to prevent removal.

The question becomes whether the fact that Plaintiff has not yet been deposed and did not provide Liberty with a paper from which removability could be ascertained means that the case was improperly removed. Federal appellate courts that have reached this question have held that the two 30-day periods of § 1446(b) are not the exclusive time periods for

removal. *See Cutrone v. Mortg. Elec. Regis. Sys., Inc.*, 749 F.3d 137, 147 (2d Cir. 2014); *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 825-26 (7th Cir. 2013); *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1124-25 (9th Cir. 2013). "[A]s long as the complaint or 'an amended pleading, motion, order or other paper' does not reveal that the case is removable, the 30-day time period never starts to run and the defendant may remove at any time." *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014). In this case, Plaintiff never provided a discovery response or other paper showing that he could not establish a claim against Rainbow so the 30-day time period of § 1446(b)(3) was never triggered. Accordingly, the Court finds that Liberty's Notice of Removal was not untimely, and the case was properly removed.

**C.     Waiver**

Plaintiff's second procedural attack on the removal of his case is an assertion that State Farm waived its right of removal because it "sought substantive relief from the state court despite its claim that Defendant[s] Sohn and Rainbow are fraudulently joined." *See* Pl.'s Mot. Remand [Doc. No. 11], pp.17-18. Plaintiff cites a number of defensive actions undertaken by Liberty: filing motions for protective orders and to quash discovery; filing notices and a motion to inspect the property; agreeing to a scheduling order; conducting discovery; and filing a separate action seeking a restraining order and injunction to prevent the demolition of Plaintiff's residence. *See id.*, p.18. The Tenth Circuit has squarely held, however, that "a defendant who actively invokes the jurisdiction of the state court and interposes a defense in that forum is not barred from the right to removal in the absence of

adequate notice of the right to remove." *Akin*, 156 F.3d at 1036. Because the Court has found that Liberty did not receive adequate notice of removability before it filed its Notice of Removal, Liberty could not have waived its right to remove the case through engaging in litigation activities in state court.

## Conclusion

For these reasons, the Court concludes that the case was properly removed to federal court, and should not be remanded.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand [Doc. No. 11] is DENIED. Plaintiff's action against Defendants J&J Floor Care, Inc. d/b/a Rainbow International of Moore/Norman and Michael R. Sohn is dismissed without prejudice.

IT IS SO ORDERED this 22nd day of December, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE