IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

FERNANDO "PAUL" HERNANDEZ, )
)
    Plaintiff, )
)
v. ) Case No. CIV-14-892-D
)
LIBERTY INSURANCE CORPORATION,)
*et al.*, )
)
    Defendants. )

## **O R D E R**

    Before the Court is Defendant's Motion for Partial Judgment on the Pleadings or for Dismissal of Plaintiff's Third and Sixth Causes of Action [Doc. No. 22], filed pursuant to Fed. R. Civ. P. 12(b)(6) and 12(c). Defendant Liberty Insurance Corporation ("Liberty") seeks the dismissal of two negligence claims asserted against it in Plaintiff's pleading.[1] The complaint contains as its "Third Cause of Action" a negligence claim brought against Liberty based on its conduct in allegedly miscalculating the replacement cost of Plaintiff's dwelling and conducting a deficient underwriting analysis; the "Sixth Cause of Action" was brought against Liberty and its agent and seeks to impose vicarious liability on Liberty for the agent's alleged negligence in procurement of the homeowner's insurance policy at issue. In ruling on a motion to remand, the Court has previously determined that the agent, Michael Sohn, and another local defendant were fraudulently joined to defeat diversity jurisdiction, and Plaintiff's claims against these defendants were dismissed without prejudice. *See* Order of

---

[1] Because this case was filed in state court and later removed, Plaintiff's pleading is denominated a petition, but in keeping with federal practice, the Court will refer to it as a complaint.

Dec. 22, 2014 [Doc. No. 14]. Liberty now asserts that Plaintiff's pleading fails to state any negligence claim under federal pleading standards and that both negligence claims should be dismissed.

Plaintiff has made a curious response to the Motion. Plaintiff states that, due to the dismissal of Mr. Sohn, he believes these claims have already been dismissed and Liberty's Motion "is moot and should be stricken." *See* Pl.'s Resp. Br. [Doc. No. 26]. The Court understands from this response that any negligence claim asserted against Liberty was based on the conduct of its agent, Mr. Sohn. However, the Court does not find Liberty's Motion to be moot because Plaintiff's claims against Liberty have not been dismissed and Plaintiff's claim against Mr. Sohn was dismissed without prejudice to refiling.

Liberty's Motion is governed by Rule 12(c).[2] However, the standard for decision is the same as Rule 12(b)(6). *See Aspenwood Investment Co. v. Martinez*, 355 F.3d 1256, 1259 (10th Cir. 2004). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

---

[2] After the time for filing a Rule 12(b) motion has expired, the defense of failure to state a claim may be included in a pleading or may be raised "by a motion under Rule 12(c)." *See* Fed. R. Civ. P. 12(h)(2).

The Court has previously ruled that Plaintiff has no viable negligence claim based on Mr. Sohn's conduct in procuring a homeowner's insurance policy that covered a tornado loss in May, 2013, but allegedly failed to provide "appropriate and adequate" replacement cost coverage. *See* Petition [Doc. No. 1-2] ¶¶ 65, 67. Plaintiff's claim directly against Liberty similarly alleges that it conducted a negligent underwriting analysis and failed to provide a policy with "appropriate and adequate coverage." *Id*. ¶¶ 29, 36-37. Plaintiff's response to Liberty's Motion effectively concedes that under the Court's prior ruling, neither of these negligence claims states a claim upon which relief can be granted under Oklahoma law.

Further, Plaintiff has presented no legal authority that would support liability of an insurance agent or insurer under Oklahoma law consistent with the allegations of his pleading. The Oklahoma Court of Civil Appeals has declined to impose on an insurance agent or insurer a duty to provide an "adequate amount" of coverage. *See Cosper v. Farmers Ins. Co.*, 309 P.3d 147, 149 (Okla. Civ. App. 2013). The court has also held that "'[i]nsurance companies and their agents do not have a duty to advise an insured with respect to his insurance needs.'" *See id.* (quoting *Rotan v. Farmers Ins. Group of Cos.*, 83 P.3d 894, 895 (Okla. Civ. App. 2003)); *see also Mueggenborg v. Ellis*, 55 P.3d 452, 453 (Okla. Civ. App. 2002). Upon consideration of Plaintiff's allegations, the Court agrees with Liberty that the complaint fails to state a negligence claim.

IT IS THEREFORE ORDERED that Defendant's Motion for Partial Judgment on the Pleadings or for Dismissal of Plaintiff's Third and Sixth Causes of Action [Doc. No. 22] is

GRANTED. The negligence claims asserted against Defendant Liberty Insurance Corporation are DISMISSED.

IT IS SO ORDERED this 11th day of May, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE